**WO**                                                                                                   BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hashim Russell, | ) No. CV 05-3306-PHX-MHM (ECV) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| Joseph Arpaio, | ) |
| Defendant. | ) |

Plaintiff Hashim Russell, currently confined in the Maricopa County Durango Jail in Phoenix, Arizona, has filed a *pro se* Complaint pursuant to § 1983.[1] This action is one of more than one thousand lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations. The Court will order that the action be served upon Defendant Arpaio.

**A.    Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C.

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

§ 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.     Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**C.     Complaint.**

Plaintiff names as a Defendant Joseph Arpaio, Sheriff of Maricopa County, alleging that he is responsible for all hiring and training, and enacting and enforcing policies and procedures regarding Maricopa County Jails. Plaintiff sets forth the following causes of action:

*Count I*

Plaintiff alleges that the staff refused his request for a medical examination and treatment for an infection he received while at Durango Jail. Plaintiff argues that as a result, he has undergo pain and discomfort. Plaintiff maintains that the jail refused to provide medical attention and follow up for his staph infection, and he feared catching communicable diseases from fellow inmates.

1 *Count II*

2    Plaintiff alleges that he was denied access to the courts. In particular, he was refused
3 contact and a visit with his attorney. As a result, Plaintiff maintains that he suffers from
4 stress headaches and anxiety because he has been unable to defend himself.

5 *Count III*

6    Plaintiff alleges that there is a threat to his safety as a result of overcrowding. Plaintiff
7 argues that the inmates often argue and fight due to the tension and stress, that he is not
8 provided sufficient materials such as razors, and that the building is not safe. Plaintiff states
9 that as a result, he fears for his safety and well being and is susceptible to blood borne
10 diseases.

11    Plaintiff seeks monetary and other relief.

12 **D.    Failure to State a Claim.**

13 *1.    Hart v. Hill*

14    Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-
15 EHC (D. Ariz.), claiming that the conditions of his confinement violated an Amended
16 Judgment in that action. Jurisdiction to enforce the judgment is retained by the court which
17 entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights action
18 is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980,
19 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung,
20 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir.
21 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim
22 for damages because such orders do not create "rights, privileges, or immunities secured by
23 the Constitution and laws." Green, 788 F.3d at 1123-24. Remedial decrees are the means
24 by which unconstitutional conditions are corrected but they do not create or enlarge
25 constitutional rights. Id. at 1123. To the extent Plaintiff seeks to enforce Hart v. Hill, his
26 claim is not properly brought in this action. Instead, his allegations must separately state a
27 violation of a constitutional right.

28

2.    *Deliberate Indifference to Medical Needs*

To state a valid constitutional claim, a plaintiff must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and the conduct of the defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).    For a person to liable in his official capacity, Plaintiff must allege that he acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).  A supervisor, in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff alleges that the staff refused to properly treat an infection and conduct appropriate medical follow-up with him.  Plaintiff does not indicate that the staff acted under a policy or custom enacted or enforced by Defendant Arpaio, or that Defendant Arpaio acted directly, or was even aware that Plaintiff's constitutional rights were being violated.  Plaintiff fails to sufficiently allege that Defendant Arpaio acted with deliberate indifference to his medical needs.  Accordingly, this Count will be dismissed without prejudice.

3.    *Denial of Access to Courts*

The right of meaningful access to the courts prohibits state officials from actively interfering with inmates' attempts to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996).  The right "guarantees no particular methodology but rather, the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356.  As a matter of standing, for an access to courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation; the plaintiff must demonstrate that the conduct of the defendants prevented him from bringing to court a nonfrivolous claim that he wished to present. Id. at

351-53.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim."  Id. at 348.

Plaintiff fails to demonstrate that he was injured by the alleged denial of his right to access the courts.  Plaintiff concedes that he had counsel for his criminal proceeding.  See United States v. Wilson, 690 F.2d 1267, 1271-72 (9th Cir. 1982) (providing that "[t]he offer of court-appointed counsel to represent [Defendant] satisfied the Fifth Amendment obligation to provide meaningful access to the courts").  Plaintiff has not demonstrated that the actions on behalf of the jail personnel resulted in his inability to bring a nonfrivolous claim to the courts.  Additionally, Plaintiff fails to allege that the jails actions were the result of a policy enacted or enforced by Defendant Arpaio, or that Defendant Arpaio directly acted, or was even aware that Plaintiff's constitutional rights were violated.  Accordingly, Plaintiff fails to sufficiently allege that his constitutional right to access the courts was violated and this Count will be dismissed without prejudice.

**E**      **Claims For Which An Answer Will be Required.**

At this early stage, Plaintiff sufficiently alleged that his constitutional rights were violated due to overcrowding.  Defendant Arpaio will be ordered to answer this Count.

**F.**      **Warning of Possible Dismissal Pursuant to Rule 41.**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED that:**

(1)   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. # 1) is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2)   Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  Plaintiff is assessed no initial partial filing fee.  All fees shall be collected and paid in

1 accordance with this Court's Order to the appropriate government agency filed concurrently
2 herewith.

3     (3) Counts I and II are dismissed without prejudice.

4     (4) Defendant Arpaio is ordered answer Count III.

5     (5) The Clerk of Court shall send Plaintiff a service packet including the Complaint
6 (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

7     (6) Plaintiff shall complete and return the service packet to the Clerk of Court within
8 20 days of the date of filing of this Order.  The United States Marshal will not provide
9 service of process if Plaintiff fails to comply with this Order.

10     (7) If Plaintiff does not either obtain a waiver of service of the summons or complete
11 service of the Summons and Complaint on the Defendant within 120 days of the filing of the
12 complaint or within 60 days of the filing of this Order, whichever is later, the action may be
13 dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of
14 Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

15     (8) The United States Marshal shall retain the Summons, a copy of the Complaint,
16 and a copy of this Order for future use.

17     (9) The United States Marshal shall notify Defendant of the commencement of this
18 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
19 Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.  The
20 Marshal shall file waivers of service of the summons or requests for waivers that were
21 returned as undeliverable as soon as they are received.  If a waiver of service of summons
22 is not returned by a Defendant within thirty days from the date the request for waiver was
23 sent by the Marshal, the Marshal shall:

24         (a) Personally serve copies of the Summons, Complaint, and this Order upon
25         the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

26         (b) Within 10 days after personal service is effected, file the return of service
27         for the Defendant, along with evidence of the attempt to secure a waiver of service of
28         the summons and of the costs subsequently incurred in effecting service upon the

1  Defendant.  The costs of service shall be enumerated on the return of service form
2  (USM-285) and shall include the costs incurred by the Marshal for photocopying
3  additional copies of the Summons, Complaint, or this Order and for preparing new
4  process receipt and return forms (USM-285), if required.  Costs of service will be
5  taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the
6  Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

7  (10) **A Defendant who agrees to waive service of the Summons and Complaint**
8  **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

9  (11)  Defendant shall answer the Complaint or otherwise respond by appropriate
10 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
11 Rules of Civil Procedure.

12 (12) Any answer or responsive pleading shall state the Defendant by name on whose
13 behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or
14 paper that does not identify the Defendant by name on whose behalf it is filed.

15 (13)  Plaintiff shall serve upon Defendant, or if appearance has been entered by
16 counsel, upon counsel, a copy of every further pleading or other document submitted for
17 consideration by the Court.  Plaintiff shall include with the original document and copy, to
18 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
19 the pleading or document was mailed to Defendant or counsel.  Any paper received by a
20 District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
21 may be disregarded by the Court.

22 (14) At all times during the pendency of this action, Plaintiff shall immediately advise
23 the Court and the United States Marshal of any change of address and its effective date.
24 Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall
25 contain only information pertaining to the change of address and its effective date.  Plaintiff
26 shall serve a copy of the notice on all opposing parties. The notice shall not include any
27 motions for any other relief. Failure to file a Notice of Change of Address may result in the
28

1 dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
2 of Civil Procedure.
3     (15) A clear, legible copy of every pleading or other document filed shall accompany
4 each original pleading or other document filed with the Clerk for use by the District Judge
5 or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
6 may result in the pleading or document being stricken without further notice to Plaintiff.
7     (16) This matter is referred to Magistrate Edward C. Voss pursuant to Local Rules
8 of Civil Procedure 72.1 and 72.2 for further proceedings.
9     DATED this 8th day of November, 2005.

_____
Mary H. Murguia
United States District Judge